## PRYOR v. M'NAIRY.

1. A written submission to an award is not to be presumed to be in the custody of one of the parties, and having been delivered to one of the arbitrators, his evidence, and not the affidavit of the party, is the best to prove that it is lost or mislaid.
2. Before proving agreements, &c. made by the parties in the progress of, and in reference to an arbitration, the submission must be proved.
3. In case, for deceit, that defendant by falsely warranting or representing the property to be sound, falsely and fraudulently induced plaintiff to buy, is a sufficient averment of the scienter.

In the Circuit Court of Madison county, M'Nairy brought an action on the case against Pryor, for fraud and deceit in the sale of two horses. The declaration averring the bargain and sale of the horses, at the request of Pryor, states " and he the said Richard Pryor by falsely warranting the said horses to be sound, falsely and fraudulently induced the said Nathaniel A. M'Nairy, then and there to buy of him," &c. Issues on the pleas of not guilty, accord and satisfaction, arbitrament and award. Verdict and judgement for the plaintiff.

On the trial, defendant proved that he and the plaintiff had entered into a written agreement to submit the matter to the award of one Craddock and another person at

Nashville, that the agreement had been deposited with Craddock; and offered to prove by his own affidavit, that he had applied to Craddock for it, but it could not be found, and was either lost or mislaid, so that the defendant by all the diligence in his power had been unable to procure or find it. The Circuit Court decided that the evidence of Craddock would be the best evidence to prove the loss of the instrument, that the defendant could not prove its loss by his own affidavit, nor could its contents be proved.

The defendant then offered evidence to prove that the parties were present when the matter was arbitrated, approving and consenting to what was doing; that pending the arbitration, they agreed that Pryor should take back the horses and pay M'Nairy their value according to the estimate of the arbitrators, which evidence on the objection of the plaintiff was excluded; to all which the defendant excepted and here assigned as errors,

1. The matter of the bill of exceptions.

2. The declaration does not aver either an assumpsit or a fraud by the defendant.

KELLY, HUTCHINSON and BRANDON, for plaintiff.

CLAY, M'CLUNG and CAMPBELL, for defendant.

JUDGE CRENSHAW delivered the opinion of the Court.

THE defendant was not entitled to the custody of the paper mentioned in the bill of exceptions. It was delivered to Craddock for safe keeping. Craddock was therefore able to give the best evidence of its loss, and while his evidence could be obtained, the affidavit of the defendant was inadmissible.

The other evidence offered by the defendant, was an indirect attempt to establish the award without first having proved the submission.

As to the second assignment, it is very evident that the declaration is not in assumpsit. To support an action for deceit, it is absolutely necessary to aver in the declaration, that the defendant knew of the unsoundness or defect. It was contended that the declaration was defective, because it contains no averment of a scienter, or that the defendant knew the horses to be unsound; but it is not required that the averment should be in any set form of words. Any allegation which necessarily implies

JANUARY 1827. a knowledge of the unsoundness is sufficient. The decla-
ration charges, that the defendant by falsely representing
the horses to be sound, falsely and fraudulently induced
the plaintiff to buy them of him; and concludes with
stating, so the plaintiff says, that the defendant falsely
and fraudulently deceived him on the sale of said horses.
The representations of the defendant could not be false
and fraudulent unless he knew of the unsoundness; the
declaration then does as substantially charge him with
the knowledge of the fact, as if the scienter had been
averred in other words. It is the unanimous opinion of
the Court that the judgement be affirmed.

*Pryor*
*v*
*M'Nairy.*

JUDGE TAYLOR not sitting.